IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHNTA Q. BARBER                                                        PLAINTIFF

V.                                    NO.  4:08cv04116 JLH-JWC

T. SHOCK, et al                                                      DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**Instructions**

The following recommended disposition has been sent to United States District

Court Chief Judge J. Leon Holmes.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and two copies of your

objections must be received in the office of the United States District Court Clerk no later

than eleven (11) days from the date of these findings and recommendations.  A copy will

be furnished to the opposing party.  Failure to file timely objections may result in waiver of

the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge,

you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge  (if such
           a  hearing is granted)  was not  offered at  the hearing before the Magistrate
           Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before
           the District Judge in the form of an offer of proof,  and a copy,  or the original,

of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR  72201-3325

### Recommended Disposition

On November 3, 2008, Plaintiff, a pro se pretrial detainee currently confined to the Faulkner County Detention Facility, filed this 42 U.S.C. § 1983 civil rights action (doc. 1). He did not submit the $350.00 statutory filing fee or an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  By order entered November 17, 2008 (doc. 4), Plaintiff was instructed to submit a calculation sheet, along with an application to proceed in forma pauperis, prepared and executed by an authorized official at the incarcerating facility.  In addition, Plaintiff's complaint was too vague to enable the Court to determine whether it was frivolous or failed to state a claim for relief under § 1915A. Accordingly, Plaintiff was also ordered to amend his complaint to specifically state: (1) how each named Defendant was personally involved in, aware of, or had knowledge of the actions of which he complained; (2) how each named Defendant violated his constitutional rights; and (3) an explanation of how Defendants' alleged actions injured or prejudiced him.

On December 11, 2008, Plaintiff timely responded to the Court's order by filing a completed in forma pauperis application in compliance with § 1915(a)'s requirements (doc.

8); accordingly, in forma pauperis status was granted (doc. 10).  He also filed an amended complaint (doc. 9).

## I.  Background

Plaintiff's amended complaint is basically a verbatim recitation of the allegations of his original complaint and fails to specifically answer any of the questions posed to him by the Court.  According to both complaints, Plaintiff's legal mail has been opened outside his presence several times.  Except for one instance where he alleges that Defendant Frintz opened his mail by mistake, he does not state who was responsible for doing so. Additionally, he alleges that his grievances regarding same are not being addressed in a timely manner.  This latter allegation involves Defendants Gramthom and Wilcox.  Plaintiff contends that officers at the Faulkner County Detention Facility will be called as state witnesses in his pending criminal case making the opening of his legal mail of serious concern to him, but he makes no specific allegation how any material in the mail allegedly opened could be used to prejudice him.  He specifically alleges that Defendant Frintz allegedly mistakenly opened his clearly marked legal mail on March 21, 2008.  He alleges that Defendant Gramthom said he would look into the matter when he responded to the grievance Plaintiff filed in connection with the incident.  Defendant Gramthom responded to another grievance filed in August 2008, stating "this matter is taken seriously, I have addressed this issue with staff."  Plaintiff alleges he wrote a grievance to Defendant Wilcox on September 15, 2008, and received the following response: "We talked before.  I will get with shift supervisor's on this situation to make sure it is corrected."  Plaintiff wrote another grievance in connection with legal mail being left on the day room table on September 30, 2008.  Defendant Wilcox responded: "addressed again with Barber corrective action to

notify officer of legal mail from the jurisdiction this came from.  Note: legal mail wasn't open it was left on day room table by Officer Ashley."  Aside from naming Defendant Shock in the caption of his original complaint, Plaintiff makes no allegation against this individual.

After granting Plaintiff in forma pauperis status (doc. 10), he was notified that should his case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief, there would be no provision for a refund of any portion of his filing fee.  Id. § 1915A.

## II.  Standard

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  Id. § 1915A(a).  A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b).  Moreover, this Court may sua sponte dismiss a complaint filed in forma pauperis at any time if it determines that the action fails to state a claim upon which relief can be granted.  Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972));  Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992).  In addition, pro

4

se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers."  <u>Haines</u>, 404 U.S. at 520-21.

### III.  Analysis

**A.      Defendant Shock**

As an initial matter, aside from naming Defendant Shock in the caption of his original complaint, Plaintiff makes no allegation against this individual.  For a defendant to be held liable under § 1983, he or she must have personally participated in, or had some responsibility for, the particular act which deprived Plaintiff of a constitutionally protected right.  <u>Ellis v. Norris</u>,179 F.3d 1078, 1079 (8th Cir. 1999) ("despite having been ordered to amend his complaint to clarify how . . . defendants upon whom he sought service had violated his constitutional rights, [plaintiff] failed to allege facts supporting any individual defendant's personal involvement or responsibility for the violations"); <u>see</u> <u>also</u> <u>Beck v. LaFleur</u>, 257 F.3d 764, 766 (8th Cir. 2001) (plaintiff failed to allege sufficient personal involvement by any defendant to support a claim); <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir.1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions."); <u>Potter v. Clark</u>, 497 F.2d 1206, 1207 (7th Cir.1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.").  Plaintiff was specifically directed and given the opportunity to explain how Defendant Shock was personally involved in, aware of, or had knowledge of the actions of which he complained, as well as how Defendant Shock allegedly violated his constitutional rights.  Plaintiff failed to do so.  Because Plaintiff

has not alleged a single fact in support of a claim against Defendant Shock; he should be dismissed from this action.

## B.      Failure to State a Claim

The remaining Defendants are Frintz, Gramthom and Wilcox.  As will be explained below, no claim has been stated against Frintz because the only allegation is the opening, by mistake, of legal mail on one occasion.  No claim has been stated against Gramthom and Wilcox because there is no allegation that they opened legal mail and there is no allegation that Plaintiff has suffered any adverse effects from any action or inaction on their parts.

The edicts of § 1983 are clear and mandate the dismissal of the remainder of Plaintiff's case:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id. (emphasis added).  Plainly, § 1983 relief "is predicated on the denial of a right or interest protected by the Constitution."  Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 445 (8th Cir.1995) (quoting Med. Laundry Serv. v. Bd. of Tr. of Univ. of Alabama, 906 F.2d 571, 573 (11th Cir. 1990)) (where there is no constitutional violation, there is no basis for a § 1983 claim).  Therefore, the initial challenge in any § 1983 suit is "to isolate the precise constitutional violation" with which the defendant is accused.  Rogers v. City

of Little Rock, 152 F.3d 790, 796 & 800 (8th Cir. 1998) (quoting Baker v. McCollan, 443 U.S. 137, 140 (1979)).

Plaintiff enjoys a constitutional right to have confidential legal mail opened only in his presence.  See Falls v. Nesbitt, 966 F.2d 375, 380 (8th Cir. 1992) (a prison official's violation of an internal regulation does not give rise to a § 1983 claim in the absence of objective evidence demonstrating a constitutional violation); see also Powells v. Minnehaha County Sheriff Dep't, 198 F.3d 711, 712 (8th Cir. 1999) (per curiam) (holding inmate's allegation that prison officials opened his legal mail outside of his presence stated claim); Thongvanh v. Thalacker, 17 F.3d 256, 258-59 (8th Cir. 1994) (prisoners retain their First Amendment rights of sending and receiving mail, and prison officials may not read inmates' legal mail).  Legal mail is to be opened only in the presence of the receiving inmate. Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997) (citing Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1981)).  However, no liability arises from an isolated, inadvertent instance of opening incoming confidential legal mail without any evidence of improper motive or resulting interference with the inmate's right to counsel or to access the courts. Gardner, 109 F.3d at 431.  While Plaintiff alleges that his legal mail was opened on more than one occasion, aside from the isolated instance alleged against Frintz, he does not connect such acts to any of the named Defendants.

While Plaintiff does enjoy a constitutional right to have his confidential legal mail opened only in his presence, he must nevertheless demonstrate some injury and/or prejudice as a result of same.  In Plaintiff's case there is simply no allegation or evidence demonstrating any improper motive on the part of Defendants or that their actions in any way interfered with his right to counsel or to access the courts or that they have prejudiced

him in any way.   Moreover, as stated, Plaintiff does not even allege that Defendants Gramthom or Wilcox opened his legal mail, and alleges that Defendant Frintz opened confidential legal mail only once and allegedly by mistake.   Furthermore, Plaintiff was specifically directed and given the opportunity to explain how these Defendants' alleged actions have injured or prejudiced him.  He has failed to do so.  See Turner v. Ms. Douglas, No. 1:06CV00058, 2007 WL 87628, at *2 (E.D. Ark. Jan. 10, 2007)[1] (citing Lewis v. Casey, 518 U.S. 343, 349 (1996)) ("To state a valid § 1983 claim due to interference with an inmate's legal mail, an inmate must allege that a defendant's deliberate and malicious interference actually impeded her access to the court or prejudiced an existing action"); see also Jones v. Mail Room Staff, 74 Fed. Appx. 418, 419 (5th Cir. 2003) (unpub. per curiam) (citing Lewis, 518 U.S. at 349-51) (plaintiff did not allege that he was prejudiced in any pending or contemplated litigation because the mail room staff had opened his legal mail; therefore, he fails to state a claim).  On these grounds, Plaintiff has failed to state a claim.

### IV.  Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff has failed to state a claim for relief.  His case should therefore be DISMISSED in its entirety WITHOUT PREJUDICE.

2.      Any PENDING MOTIONS should be DENIED AS MOOT.

3.      The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any order adopting this recommendation, and any judgment entered thereunder, would not be taken in good faith.

---

[1] United States District Judge J. Leon Holmes and United States Magistrate Judge Henry L. Jones, Jr.

4.     This dismissal should count as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[2]

DATED this 9th day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.